JUSTICE LEAPHART,
specially concurring.
I specially concur with the Court’s opinion. I write in response to the dissent’s view that there was insufficient evidence to sustain the jury’s verdict that the defendant Walsh assaulted Chellsi Sventgard.
The dissent, in concerning itself with hockey players or barroom denizens, overlooks the fact that in this case we are not talking about someone who attended a sporting event or witnessed a barroom fight. Rather, the present matter involves a 10-year-old girl who was a passenger in a vehicle with her mother and her mother’s fiance Lecce, returning home from a picnic when this assault occurred.
*82 Walsh was convicted of assaulting Chellsi under § 45-5-201, MCA, which provides that a person commits the offense of assault if he “purposely or knowingly causes reasonable apprehension of bodily injury in another.” The dissent contends that there was no evidence that Walsh did anything to purposely or knowingly cause Chellsi to fear that she personally would be injured. The dissent states:
At no time did Walsh threaten her. In fact, he said nothing to her. He did not approach the vehicle in a threatening manner; nor did he make any other threatening gesture toward her. Her mother left the vehicle during Lecce’s altercation with Walsh, and moved about freely without any threat being made to her physical well-being. In sum, there was no evidence that Walsh either said or did anything which would support a finding that he knowingly or purposely caused Chellsi to fear that she would be personally harmed.
I strongly disagree. The evidence very clearly indicates that Walsh and his accomplice Driscoll went to great lengths to strike fear into the hearts of all the occupants of this vehicle. For starters, the fact that Walsh refused to pass, choosing instead to menacingly tailgate the vehicle for two miles with his bright lights on, would cause both the driver and passengers concern for their safety. The evidence indicates that when Walsh’s car did pass, he and Driscoll made obscene gestures at the Lecce vehicle. There is nothing to indicate that Walsh and Driscoll were selective and excluded Chellsi from their threatening gestures. The dissent contends that there is no evidence that Walsh was even aware of Chellsi’s presence in the vehicle. If, after tailgating the Lecce vehicle for two miles with lights on high beam, Walsh was unaware that there were three people in the vehicle, it would only be because he could not count. Notwithstanding the dissent’s skepticism in this regard, there was no evidence to support such a conclusion.
Walsh then stopped his car directly in front of Lecce’s and blocked the roadway. In my view, young Chellsi had, at that point in time, cause to reasonably apprehend bodily injury. That is, when two grown men menacingly tailgate your vehicle for two miles, make obscene gestures at you while passing and then block the roadway, you had best be concerned for your welfare. Their malevolent purpose soon became evident when the two men proceeded to mercilessly beat and kick Lecce. The dissent is correct in noting that neither of them actually made any verbal threats to Chellsi, although they did say “Shut up, bitch” to her mother when she asked them to stop. Then, *83 as if the 2 to 1 odds were not sufficiently favorable, three fresh accomplices arrived on the scene, one of whom joined in hitting and kicking Lecce while the other two stood waiting in reserve. Lecce, who at this point was off his feet, was now confronted with five men. Fortunately we will never know whether these five brave fellows would have turned their attention to Chellsi because Chellsi’s mother outwitted them by feigning a call for help on a cellular phone which, unbeknownst to them, was not working.
From Chellsi’s 10-year-old perspective, if Walsh found it sporting to engage in a grossly lopsided assault on Lecce, was it not reasonable for Chellsi to fear that Walsh would find it equally sporting to beat up on one little girl, one on one? In this day and age, whether you are 10 years old or 50, whether male or female, when a group of inebriates stops your car on a rural road at night, after favoring you with obscene gestures, you can assume that they are not going to offer you tickets to a hockey game.
There was more than sufficient evidence to support the verdict that Walsh knowingly and purposely caused Chellsi to reasonably apprehend that she would be personally harmed.
CHIEF JUSTICE TURNAGE and JUSTICE NELSON join in the foregoing specially concurring opinion.